IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IN RE: § | |
| § | CASE NO. 22-51436-mmp |
| SURGEPOWER MATERIALS, INC., § | |
| § | CHAPTER 11 |
| DEBTOR § | |

## MOTION TO APPOINT CHAPTER 11 TRUSTEE

### A MOTION TO EXPEDITE IS BEING FILED

Ecliptic Evergreen Innovation Fund I, L.P., Ecliptic Holdings I, LP, Harborock Ltd., Carbonaceous Green Investments, LLC, Steven George Gibson and Robert Thomas Shafer (collectively the "Noteholders") file this Motion to Appoint Chapter 11 Trustee, as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (O).

### BACKGROUND

2. Noteholders hold individual Convertible Promissory Notes (the "Notes") in the collective principal amount of $1,095,000.00. The Notes were fully due, matured or accelerated prior to the date the involuntary petition was filed.

3. Noteholders filed the Involuntary Petition on December 20, 2022. SurgePower Materials, Inc. failed to answer, and the Court entered an Order for Relief on January 31, 2023.

4. The Debtor holds a patent or patents (the "Patents") and related intellectual property (the "Intellectual Property"), including but not limited to trademarks, relating to carbon-based graphene nanomaterials utilized in products such as batteries, industrial lubricants, concrete and other applications.

5. The Debtor's principal, and primary shareholder, is Dr. Michael Opoku, who has failed to direct the Debtor to comply with the requirements of the Bankruptcy Code.

6. Since the Order for Relief, the Debtor has failed to:

   a. File Schedules and a Statement of Financial Affairs:
   b. Attend the §341 meeting of creditors;
   c. Provide the U.S. Trustee with information or reports; and
   d. Retain counsel.

7. Additionally, prior to the date of the Involuntary Petition, the Debtor was generally failing to pay debts as they became due, but to the Noteholders and creditors such as the Debtor's landlord.

8. Moreover, Dr. Opoku has failed to comply with his fiduciary duties to the Debtor and its creditors, including taking or failing to take the following actions:

   a. Contributing $12,000 to his personal IRA with corporate funds without board approval;
   b. Paying for benefits for himself with corporate funds without approval;
   c. Wire transferring funds to himself (approximately $5000) without board approval or documentation;
   d. Applying for two federal grants using misleading information concerning the Patents;
   e. Failing to attend to job duties and oversee the operations of the Debtor, including failure to spend any substantial time in the office beginning in February 2021 and failure to pursue business and marketing opportunities;
   f. Replacing board members without cause and appointing members that were not in the Debtor's best interests;
   g. Refusing to provide the CEO, Michael Gagliardi, access to the Debtor's bank accounts for payroll and bill payment and, thereafter, firing Mr. Gagliardi for no apparent reason; and
   h. Failure to assign certain of the patents to the Debtor, as required.

9. In short, Dr. Opoku operated the Debtor for his own interests, not those of the business itself or its creditors.

## BASIS FOR APPOINTMENT

10. 11 U.S.C. §1104(a)(1) provides that the Court may appoint a trustee "for cause," including (without limitation), "fraud, incompetence or gross mismanagement of the affairs of the debtor by current management." The actions giving rise to cause may occur both before or after commencement of the case. *Id.*; *see also In re Westbank Holdings, LLC,* 2022 WL 3052135 at *14 (No. 22-10082, Bankr. E.D. La. Aug. 1, 2022). A court must order appointment of a trustee if it is in the best interests of the creditors, equity security holders and other interests of the estate. 11 U.S.C. §1104(a)(2). In determining whether appointment is warranted, courts generally consider:

- The trustworthiness of the debtor;
- The debtor-in-possession past performance and prospects for rehabilitation;
- The confidence-or lack thereof – of the business community and of creditors in current management; and
- The benefits versus the cost of appointment.

*In re Ironside*, 2022 WL 509890 at *2, (No. 20-34222, Bankr. S.D. Tex. Feb. 18, 2022)(citations omitted). This standard is "flexible," and courts should consider the "practical realities, necessities of the case and totality of the circumstances." *Id*.

11. In this case, the Debtor's current management (i.e. Dr. Opoku) has engaged in self-dealing, neglected corporate duties and opportunities, and generally failed to operate the business for many months. Moreover, as noted above, he has failed to comply with the duties of a Debtor under the Bankruptcy Code. With respect to the four factors described above:

- Dr. Opoku has displayed a lack of trustworthiness for the reasons described above, and has not demonstrated an ability to maximize the value of the Debtor's business or assets;
- The Noteholders, who are the primary creditors, have no confidence in Dr. Opoku's ability to operate the Debtor; and
- The Noteholders believe that the Patents and related Intellectual Property have value, and are willing, subject to approval of an appropriate budget, fund a sale process.

12. Accordingly, based on the factors and the "totality of the circumstances," Noteholders submit that appointment of a Chapter 11 Trustee is not only warranted, it is necessary and mandatory to maximize value. Noteholders further believe that appointment of a Chapter 11 Trustee to operate the affairs of the Debtor and run an appropriate sale process is preferable to, and will result in greater value than, conversion of the case to a proceeding under Chapter 7.

WHEREFORE, based on the foregoing, Noteholders request that the Court appoint a Chapter 11 Trustee, and grant such other and further relief to which they may be entitled.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: /s/ Mark C. Taylor
    Mark C. Taylor
    State Bar No. 19713225
    Mark.Taylor@hklaw.com
    100 Congress Avenue, Suite 1800
    Austin, Texas 78701
    Telephone: 512/685-6400
    Telecopier: 512/685-6417

ATTORNEYS FOR ECLIPTIC EVERGREEN INNOVATION FUND I, L.P., ECLIPTIC HOLDINGS I, LP, HARBOROCK LTD., CARBONACEOUS GREEN INVESTMENTS, LLC, STEVEN GEORGE GIBSON AND ROBERT THOMAS SHAFER

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was served on all parties who have filed an appearance in this matter via ECF delivery on March 17, 2023, including the parties listed below:

**Debtor (via U.S. Mail)**
SurgePower Materials, Inc.
1224 Industrial Dr., Suite C
New Braunfels, Texas 78130

**Debtor's Counsel:**
Lynn Hamilton
Husch Blackwell LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701

**U.S. Trustee**
Erin Coughlin
U.S. Trustee
615 E. Houston St., Suite 533
San Antonio, Texas 78205

                                                  */s/ Mark C. Taylor*
                                                  Mark C. Taylor